**Sally H. AARON, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

March 15, 1971.

Alfred J. Lindh and Richard Allen Paul of Taylor, Lindh, Paul & Abramo, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a conviction of possession of a dangerous drug, to-wit, marijuana. Four points are made in appellant's behalf, viz.:

1. It was error to refuse to suppress as evidence the marijuana seized by the police.

2. It was error to instruct the jury with respect to 16 Del.C. § 4719.

3. It was error to permit the trial to be conducted by a judge other than the one who heard a motion to suppress the marijuana as evidence.

4. It was error not to exclude from evidence a statement made to the police by the appellant.

The facts of this incident are that two State Troopers were on routine patrol on Pike Creek Road at about 2:45 a.m. when they came across a 1967 Volkswagen with Pennsylvania license tags parked on the side of the road. The area in which the car was found is open and wooded and is known as a "Lover's Lane". This area had been the scene of two rapes and several incidents of assault and battery. It was also known as an area where people assembled to drink and occasionally smoke marijuana. All these facts were known to the Troopers at the time.

The Troopers stopped and approached the car. It was vacant and its windows were down and its sun roof open. By radio, the Troopers asked if the vehicle had been reported stolen. They then proceeded to try to learn the identity of the occupants. On each of the front and back seats was a lady's purse. One Trooper opened the glove compartment and found the registration of the car. The purse on the front seat was then opened and inside it was a burlap pouch with a drawstring. The pouch was open and by the beam of a flashlight there were seen four handrolled cigarettes which appeared to contain marijuana. This was later confirmed by laboratory analysis. The name of the purse owner, the appellant, was learned from a student I.D. card.

Thereupon, because of the nature of the area and the absence of the occupants of the car, two of whom were apparently female, the Troopers by radio requested the aid of a K-9 Trooper. Shortly thereafter, the K-9 Trooper arrived and also advised that the car had not been reported stolen.

Before the Troopers could commence a search of the area, the appellant, the owner of the car, and another young couple emerged from a nearby woods where they said they had been walking. The Troopers asked which one was the appellant. She identified herself and was then taken aside, advised as to her constitutional rights, and questioned concerning the contents of her purse, admitting the ownership of it and its contents.

On these facts, the appellant argues that the search was unlawful and that the fruits of that search must be suppressed. The judge hearing the motion to suppress the seized evidence refused to do so. The appellant was then tried, convicted and sentenced to a term of imprisonment which, however, was suspended and she was placed on probation. This appeal followed.

■ We consider first the argument that the seized marijuana should have been suppressed as evidence. It must be noted that the search conducted by the Troopers could not be a search incident to a lawful arrest since, at the time, they had no knowledge that any crime had been committed. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The case, therefore, does not fall within the class of cases turning upon the reasonableness of a search made as an incident to a lawful arrest upon probable cause. In such case, the question is always whether the incidental search is reasonable and made with probable cause to believe that a

search would unearth evidence relating to the crime involved. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

The search before us must be justified, if at all, strictly upon the basis of the circumstances under which it was made. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967). These circumstances are that on routine patrol the Troopers found a vacant automobile along the side of the road at an early hour in the morning. The area was well known to them as the scene of violent crimes and as a "Lover's Lane". From a casual inspection of the interior of the car, it seemed apparent that at least one and probably two of the missing occupants were women. It thereby became the duty of the Troopers to try to identify the missing occupants and to locate them. The identification was made by searching the purses. The police were about ready to start a search of the area to locate the occupants and to determine whether or not any crime had been committed when the occupants appeared. The totality of the circumstances, i. e., the lateness of the hour, the apparently abandoned vehicle, the apparent presence of women among the occupants, the loneliness and remoteness of the area, and its unsavory reputation, in our opinion, reasonably justified the search of the purse as a first step toward identifying the missing occupants. Cf. Gaskins v. State, 89 So.2d 267 (Fla.1956). Indeed, if the Troopers had failed to act as they did, we would suppose it to be a dereliction of duty.

We emphasize that we are not holding that the police may search any vacant vehicle standing along the side of the road. Such a search is lawful only when, as here, the totality of the circumstances is such as to reasonably justify the suspicion that some crime of a serious nature may have been committed.

It follows, therefore, that since the marijuana was seized in the course of a lawful search, the motion to suppress was properly denied.

■ · Next, the appellant argues that error was committed in charging the jury upon 16 Del.C. § 4719. This section provides that in any prosecution under the Drug Law it shall not be necessary for the State to negate any exception to the provisions of the law and that the burden of proof of such an exception shall be upon the defendant. The trial judge so instructed the jury.

It was of course error for the trial judge to have done so. The reason is that the appellant was charged with a violation of 16 Del.C. § 4722 which proscribes all possession of marijuana without exception. Actually, exceptions to the provisions of the Drug Law are confined to a limited class of professional persons and the appellant is not one of them.

However, we think this is at most harmless error since the charge as given clearly is confined to exceptions appearing in the law, itself, and the appellant raised no such defense. It cannot have had the effect, as appellant contends, of placing upon the appellant the burden of proving her innocence of the possession, and relieving the State of its burden of proving guilt beyond a reasonable doubt.

■ Next, the appellant argues that it was error to refuse her request that her trial be conducted by the same judge who decided the motion to suppress rather than by one of the other Superior Court Judges. The argument is that the same witnesses testified on the motion to suppress and the trial, and gave the same testimony. Citing 46 Am.Jur., Judges, p. 118, it is argued that a successor judge has no authority to enter judgment upon testimony taken by his predecessor.

This, however, loses sight of the fact that the motion to suppress and the trial are separate and independent proceedings. Each stands upon its own record and has no effect upon the other. There was no error.

Finally, it is argued that it was error to permit the Trooper to testify as to the statement of the appellant that the purse and the bag of marijuana were hers. It is argued that she was not sufficiently informed of her constitutional rights and therefore must be held not to have waived her right to remain silent.

However, it appears that she was given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966) when she first came up to the car, although later at the police station she refused to make a written statement. We think, therefore, that she must be held to have waived her right to remain silent.

The conviction below is affirmed.