**Carl ROSS, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 14, 1967.

Michael F. Tucker, Asst. Public Defender, for appellant.

Jay H. Conner, Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The defendant below has appealed from a sentence of the Superior Court upon a conviction of carrying concealed a deadly weapon, i. e., a .38 revolver in violation of T. 11 Del.C. § 463. Trial by jury was waived. At the end of the State's case, the defendant moved for an acquittal. The motion was denied. The defendant himself did not take the stand and offered no testimony whatever.

The sole issue is whether the evidence was sufficient to support the conviction.

The cited statute reads as follows:

"Whoever carries concealed a deadly weapon upon or about his person, other than an ordinary pocket knife, without a license to do so as provided by law, shall be fined not less than $25 nor more than $2,000, or imprisoned for not less than 20 days nor more than 7 years, or both."

The State's evidence may be thus summarized: On September 24, 1966, Police Officer Logullo stopped a car which had been stolen. At that time it was being driven by Melvin Burley, for whom a warrant had been issued. The appellant, Carl Ross, was riding in the front seat. After being stopped, the occupants got out of the car and stayed with Officer Logullo until the arrival of a patrol wagon some three minutes later. Officer Gears searched the person of Burley and found four sawed-off shot gun shells in his pocket but no revolver shells. Officer Curtis escorted Ross to the rear of the patrol wagon where the officer searched him but found nothing. He then placed Ross inside the wagon, and, after closing the door, saw two .38 caliber revolver shells on the ground beneath the step of the wagon. Upon searching the car, the officers found a sawed-off shot gun under the center of the front seat of the car and a .38 revolver under the right side of the front seat where Ross had been sitting.

Appellant's only contention is that there was no evidence to show that the revolver was owned by him or had been in his actual possession at any time, or that he knew the revolver was in the car.

■ We agree that knowledge of the presence of the weapon and some type of control over it are essential to a conviction under the statute. 94 C.J.S. Weapons § 8, p. 493; cf. Flamer v. State, Del., 227 A.2d 123. Those elements, however, may be proved by circumstantial evidence. We think the circumstances here are sufficient to justify the belief that Ross knew of the weapon and had some control over it, and that these circumstances are inconsistent with any other reasonable hypothesis. The revolver shells were found at or very near the spot where Ross had been standing when searched; it is reasonable to believe that they had been in his possession and were dropped accidentally or purposely by him. That possession, coupled with the presence of the revolver directly under the part of

the seat where he had been sitting, is sufficient to justify the finding made by the trial Judge.

We find nothing in the case of State v. Chippey, 9 Houst. 583, 33 A. 438, which is inconsistent with the present holding; moreover, the ruling made in that case in 1892 has never been passed upon by this Court; indeed, some statements in it may not be entirely in accord with present day interpretations of the statute here involved.

The judgment below will be affirmed.