Phillip **MODESTO, Jr.**

v.

**STATE** of Delaware.

Superior Court of Delaware.

New Castle.

Oct. 14, 1969.

John Mulford, Deputy Atty. Gen., Wilmington, for the State.

Frank J. Gentile, Jr., Wilmington, for Phillip Modesto.

QUILLEN, Judge.

This case comes to this Court as an appeal on the record from the New Castle County Court of Common Pleas. The defendant was convicted in the Court below

of carrying a concealed deadly weapon. The facts are as follows:

On November 23, 1968, the defendant was a passenger in the right front seat of a motor vehicle owned and driven by Wayne Painter. A second passenger was seated in the backseat.

The vehicle in which the three gentlemen were riding was seen by the Wilmington Police Department leaving the City at a high rate of speed. It was nighttime and, after a chase, the vehicle was stopped opposite the Veterans Administration Hospital on the Kirkwood Highway.

One officer came up to the passenger side of the vehicle and asked the defendant to get out of the vehicle. Once at the car, the policeman could smell an odor of alcohol. The defendant started to unbutton his coat. He turned towards the police officer and proceeded to take off his coat, a dark colored trench coat, while he was still seated. As he got out of the car he dropped the coat on the passenger seat where he had been sitting.

Since it was a cold November night, the officer thought it was peculiar for the defendant to remove his coat and the officer grabbed the coat as the defendant was getting out. When the officer started to follow the defendant, he suddenly noticed a pistol on the passenger seat which had been covered by the overcoat. The pistol was introduced as evidence in the Court below and it is on the above facts that the State rests its case against the defendant for carrying a concealed deadly weapon.

The State concedes that, in the traditional sense, the police did not have probable cause to search the vehicle prior to the discovery of the pistol. The police had no reason to believe that the defendant had been involved in any crime and the defendant was not under arrest at the time of the above events.

The defendant attacks the conviction on the grounds of illegal search and seizure and insufficient evidence.

Initially, the defendant argued in his brief that the burden was upon the State to show that the defendant did not have a license to carry a deadly weapon. The defendant conceded at oral argument that his position in this respect is not correct. The burden is upon the defendant to establish that he had a license to carry a concealed deadly weapon. State v. Sockum, 6 Boyce 350, 99 A. 833 (General Sessions 1917).

The question then becomes whether or not the policeman acted legally when he reached into the car and picked up the defendant's coat. It should be noted that this case involves an incident where the police had a duty to act in stopping the vehicle. It is not a case of general exploratory investigation. Since the police had a duty to act, they also had a right to take reasonable measures to see that their safety was not endangered. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Campbell, 53 N.J. 230, 250 A.2d 1 (1969). In view of the lateness of the hour, the high speed chase, the number of men in the car, the fact that the men had been drinking, the police acted reasonably in self protection in asking the gentlemen to get out of the car. Moreover, under these facts, it was reasonable for the police to conduct a limited pat-down search for weapons. A person cannot avoid such a search of his clothing by removing his clothing when it necessarily remains in the general vicinity where he is to remain. The police do not have to risk watching three men to make sure that they did not at any time go back to the clothing left in the car. And the mere fact that the coat was removed is another circumstance justifying a self protection frisk search.

I conclude that the policeman acted within proper constitutional limits in reaching in the car and getting the coat. A constitutional search is valid under the amended Delaware statute, 11 Del.C. § 2301. This being so, it is apparent that the pistol was discovered in the process of legitimate po-

lice action and is admissible into evidence. It is important to note there was no general search of the car prior to the discovery of the pistol. There was no search for the pistol at all. Rather, the legitimate removal of the coat left the pistol in plain view. Under such circumstances, it is admissible into evidence.

The final question in the case is the sufficiency of the evidence. The defendant claims that the gun was not his but the driver's. The driver testified to the same fact. The defendant further claims that he cannot be charged with carrying a concealed deadly weapon on the ground that he took custody of it by throwing his coat over it because he was in fact in the process of leaving the car and moving away from the pistol.

In this case, the facts can be viewed in their most specific and narrow sense; based on the direct evidence alone without the necessity of several piecemeal inferences.

I am satisfied that the trier of fact could properly conclude, as the Court of Common Pleas did in its alternative finding, that the defendant intentionally hid the weapon at the time he removed his coat and that in so doing he took custody and possession of the weapon and was in fact carrying the weapon for purposes of the statute. It is not necessary to carry a concealed deadly weapon that the defendant maintain bodily contact with it. It is sufficient if a defendant knowingly has control of the weapon on or about his person. Ross v. State, 232 A.2d 97 (Del.Sup.1967). This is precisely what this defendant did when he removed his coat and brought the weapon within the confines of his clothing. It does not matter that he immediately thereafter removed himself from the car or even that he was so removing himself while he was effectively taking possession of the gun. The facts relied on by the State support the conclusion that the defendant deliberately and designedly com-

mitted the offense. They support no other reasonable conclusion.

For the above reasons, the judgment of the Court of Common Pleas is affirmed. It is so ordered.