[No. 226-40792-1. Division One. April 13, 1970.]
Panel 1

THE CITY OF SEATTLE, *Respondent*, v. NAOMI PARKER,
*Appellant.*

*Wm. J. Gaffney* and *Kadish & Kane*, for appellant.

*A. L. Newbould* and *Richard H. Wetmore*, for respondent.

JAMES, C. J.—Naomi Parker was charged with violating a Seattle ordinance which makes it unlawful to carry a pistol concealed on the person without being licensed to do so. The ordinance in pertinent part is as follows:

(a) It is unlawful for anyone to:

. . .

(3) . . . carry a pistol concealed on his person, except when in his place of abode or fixed place of business, without a license therefor as provided in RCW Chapter 9.41; . . .

Seattle City Code No. 12.44.020. She was convicted in municipal court and, upon appeal to the superior court, found guilty by a jury.

The city's evidence showed that three police officers observed Parker standing near a parked car. As they approached, they saw her produce a pistol from the concealment of her dress. The officers then observed that when Parker noticed the officers approaching her, she moved behind the parked car, and in a manner suggesting an attempt to avoid observation, threw the pistol onto a grass parking strip.

The pistol was found to be loaded. When asked by one of the officers if she had a permit to carry the pistol, Parker replied that she did not.

Parker offered no evidence, testimonial or otherwise, to contest the city's version of the incident. She stands on her challenge to the legal sufficiency of the city's evidence.

The crime defined by code No. 12.44.020 consists of two elements: the carrying of a concealed pistol and the lack of a license. Concerning the first element there is no issue in this case. As to the second element, the lack of a license to carry the pistol, Parker contends (1) the burden of proving that she was not licensed was the prosecution's, and (2) the only proof offered was her admission that she had no license, and such an admission is insufficient as a matter of law without independent corroborating evidence. See, *e.g.*, *State v. Goranson*, 67 Wn.2d 456, 408 P.2d 7 (1965); *State v. Meyer*, 37 Wn.2d 759, 226 P.2d 204 (1951).

Both Parker and the city suggest that the issue is novel in this state, but we find that a similar question was considered and resolved 73 years ago in *State v. Shelton*, 16 Wash. 590, 48 P. 258, 49 P. 1064 (1897). The court in *Shelton* recognized that the authorities were in conflict and elected, in like circumstances, to place this state with the majority which held that the burden of proof should be the defendant's. *But cf. State v. Markley*, 34 Wn.2d 766, 210 P.2d 139 (1949), where the offense was driving while the operator's license was suspended.

The rule is referred to as a "balancing of convenience" by some authorities. *Morrison v. California*, 291 U.S. 82, 78 L. Ed. 664, 54 S. Ct. 281 (1934); *Brown v. United States*, 66

A.2d 491 (D.C. Mun. App. 1949). Where the facts lie more immediately within the knowledge of the defendant, the onus probandi should be his. *Rossi v. United States,* 289 U.S. 89, 77 L. Ed. 1051, 53 S. Ct. 532 (1933). In discussing a similar problem, proof of citizenship as a defense to the crime of unlawful ownership of land, Mr. Justice Cardozo, speaking for the United States Supreme Court in *Morrison v. California, supra* at 88, said,

> The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5, §§ 2486, 2512 and cases cited.

Professor Wigmore has this to say:

> It is generally said that in criminal prosecutions the burden of proof is on the prosecution for *all the facts* that are material to the crime; so that, whether or not a particular fact is one which would in a civil action be of the nature of an affirmative excuse, it is nevertheless in a criminal prosecution a part of the burden (in both senses) for the prosecution. The absence of any affirmative pleadings by the accused, and the general policy of caution in favor of accused persons, seem to have been the theoretical and practical reasons for this result:
>
> . . .
>
> Nevertheless, some inroads have of recent times been made upon this orthodox principle, and in many jurisdictions it is accepted that a burden of proof may for certain sorts of facts be upon the accused. Certainly, the second burden, *i.e.* the duty of producing some evidence (*ante,* § 2487), ought in some instances to be upon the accused. The absence of affirmative pleadings in defence is no insuperable objection to such a result. The judicial experience with certain issues on criminal trials has seemed to justify such exceptions; and the fixing of a particular

fact on this or the other party as a part of his case is in general only a question of sound policy as based on experience (*ante*, § 2486).

9 J. Wigmore, Evidence § 2512 (3d ed. 1940).

Parker argues that the rationale of the "balance of convenience" rule would not lift the prosecution's burden in this case because, under the provisions of RCW 9.41.070,[1] a record of licenses issued is kept by the state director of motor vehicles, and proof of the existence or nonexistence of a license would be equally available to both the city and to Parker.

But this argument was also advanced and disposed of in *State v. Shelton*, 16 Wash. 590, 48 P. 258, 49 P. 1064 (1897). Mr. Justice Gordon's dissenting opinion in *Shelton* notes that the statute there under consideration provided that a public record was to be kept of all liquor licenses, and "the question of whether a particular person has or has not a license is clearly not one 'peculiarly within the knowledge' of such persons but can readily be determined from the record." *State v. Shelton, supra* at 601. Mr. Justice Gordon reasoned that the rule had no application to conditions in this state because the prosecution could easily discover from the public records whether the defendant was li-

---

[1]"The judge of a court of record, the chief of police of a municipality, or the sheriff of a county, shall within thirty days after the filing of an application of any person issue a license to such person to carry a pistol concealed on his person within this state for not more than one year from date of issue, for the purposes of protection or while engaged in business, sport or while traveling. Such citizen's constitutional right to bear arms shall not be denied to him, unless there exists a record of his prior court conviction of a crime of violence, or of drug addiction or of habitual drunkenness or of confinement to a mental institution. The license shall be in triplicate, in form to be prescribed by the state director of motor vehicles, and shall bear the name, address, description and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, the duplicate shall within seven days be sent by registered mail to the director of motor vehicles and the triplicate shall be preserved for six years, by the authority issuing said license. The fee for such license shall be one dollar which shall be paid into the state treasury."

censed. The majority thought otherwise, however, and placed the burden upon the defendant.

Parker further points out that code No. 12.44.030 provides that the section under which she was charged (code No. 12.44.020(3)) does not apply to peace officers, military personnel, licensed hunters, manufacturers, dealers, and regularly enrolled gun club members. And code No. 12.44.030 (amended, 1969) also provides that

(d) A complaint based upon a violation of Section 12.44.020 need not negative any exemptions contained in this section. The defendant shall have the burden of proving such exemptions.

Parker argues that the rules of statutory construction require us to conclude that the Seattle City Council impliedly placed upon the prosecution the burden of proving that the defendant was not licensed to carry a concealed pistol. Her reasoning is this: The ordinance specifies certain exemptions which are expressly made matters of defense. Possession of a license is not enumerated as an exemption. Therefore, the burden of proving defendant's lack of a license, an element of the crime, remains with the prosecution. Expressio unis est exclusio alterius. The expression of one thing is the exclusion of another.

A similar argument was disposed of in *State v. Harding*, 108 Wash. 606, 185 P. 579 (1919). There the court, relying upon *Shelton*, said at page 608,

So that decision seems to be an answer to the contention of counsel for the appellant that the burden of proof in such cases as to such question does not rest upon the accused when the exception which he invokes for his protection is found in the statutory definition of the offense, or, as sometimes said, in the enacting clause, rather than in a separate exception or proviso. We are quite unable to see that the exception here involved is of any different nature, in so far as we are concerned with the question of the burden of proof, than where there is involved the question of burden of proof as to the accused possessing a license rendering him immune from prosecution. It would seem that the rule, which is sometimes called a rule of necessity, in view of the ease with

which an accused person could produce proof of the fact which renders him immune—it being within his own knowledge and involving proof of a negative on the part of the state—has even stronger reasons for its support as applicable to the exception here involved. It seems to us, therefore, that the decision in that case is controlling here unless we are to overrule it, which we are not inclined to do.

In *Shelton,* the dissenting judge agreed that the court's decision was in accord with the then majority rule but said, "I think the trend of modern authority is the other way." *State v. Shelton, supra* at 601.

The hazard of such forecasting is demonstrated by the fate of the leading case of *Brown v. United States,* 66 A.2d 491 (D.C. Mun. Ct. App. 1949). In this well reasoned opinion, which is often cited for the minority rule, the court reached the same conclusion as did Mr. Justice Gordon in his dissent in *Shelton,* and for the same reason: that the "balance of convenience" rule, when properly applied to the facts in *Brown,* would not relieve the prosecution of its burden of proving *all* the elements of the offense, including lack of license.

Corpus Juris Secundum cites *Brown* as its authority for the following statement:

> The state has the burden of the evidence to establish the essential elements of the offense, including . . . the lack of a license.

94 C.J.S. *Weapons* § 13 (1956). But Corpus Juris Secundum also cites *Brown* as its authority for this statement:

> Under some statutes, the carrying or possessing of certain weapons is prohibited and unlawful only where a license or permit has not been obtained therefor, and a bond posted. Under such provisions, the carrying of the weapon is the corpus delicti, and the authority conferred by the license *is a matter of defense.*

(Italics ours.) 94 C.J.S. *Weapons* § 11 (1956).

The confusion concerning the rule in *Brown* did not end with Corpus Juris Secundum, for we find the Court of

Appeals for the District of Columbia quoting *Brown* (out of context) as follows:

> It is alleged that the Government has the burden of showing as an element of its proof that appellant does not come within the statutory exception to D.C.Code 1967, § 22-3204. But in *Brown v. United States,* D.C.Mun.App., 66 A.2d 491, 493-494 (1949) we said:
>
>> It is well settled that in certain criminal proceedings the burden of proceeding with the evidence may be shifted to a defendant. Among familiar examples . . . is where a defendant relies upon an exception in a statute. Then it is the burden of the defendant to bring himself within the exception rather than that of the prosecution to negative it.

(Footnotes omitted.) *Williams v. United States,* 237 A.2d 539, 541 (D.C. Ct. App. 1968).

So it would seem that the minority rule of *Brown* has absentmindedly been abandoned by the very court which pronounced it.

 Parker might argue (although she did not) that requiring her to prove that she was licensed would violate her constitutional right against self-incrimination. In *State v. Blanca,* 100 N.J. Super. 241, 248, 241 A.2d 647 (1968), the court disposed of this contention with the following language:

> We cannot see how a defendant would incriminate himself by the production of exculpatory evidence—the permit, if he had one. That evidence could be produced even without defendant's taking the stand. For example, the official records could establish the fact.

We agree.

Neither precedent nor the temper of the times warrants our abandoning the reasoning in *Shelton.* Those who choose to carry concealed pistols must be prepared to demonstrate that they are licensed or exempted from the licensing requirement.

338

Our conclusion that the prosecution met its burden of proof makes it unnecessary to consider Parker's remaining contention.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied May 26, 1970.