Lorenzo L. LIVELY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Jan. 19, 1981.

Decided March 9, 1981.

L. Vincent Ramunno (argued), Wilmington, for defendant-below, appellant.

Kathleen Molyneux, Deputy Atty. Gen. (argued), Wilmington, for plaintiff-below, appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

This appeal stems from the defendant's conviction of Carrying a Concealed Deadly Weapon, in violation of 11 *Del.C.* § 1442.[1] The most significant issue is whether the State had the burden of proving the lack of a license to carry such weapon.

I.

The defendant Lorenzo Lively was arrested, along with a companion, at a department store on charges relating to the fraudulent use of a stolen credit card. During a custodial search of the defendant's person by the police, keys to a Cadillac automobile were discovered. When questioned about the keys, the defendant admitted to having driven a Cadillac automobile to the store's parking lot that day.

Shortly thereafter, the arresting police officer returned to the store's parking lot in the company of the defendant's wife so that she could identify the automobile and drive it home. She was unable to offer proof of ownership of the car, however, and upon a police computer check, it was learned that the automobile was registered in the name of an unidentified third party. Suspecting that the automobile had been stolen, the officer decided to impound the automobile

---

1. 11 *Del.C.* § 1442 provides:

"A person is guilty of carrying a concealed deadly weapon when he carries concealed a deadly weapon upon or about his person without a license to do so as provided by § 1441 of this title."

and proceeded to make a routine inventory search thereof at the parking lot. In so doing, he saw "something exposed—partially exposed—underneath the [driver's] floor mat, and when I lifted it up, there was the gun." The gun was seized and, thereupon, the defendant was charged under § 1442. The defendant appeals his conviction on that charge. We affirm.

## II.

The defendant makes three arguments:

### A.

■ He first contends that the warrantless inventory search violated his Fourth Amendment rights, rendering invalid the seizure of the handgun and its admission in evidence. We disagree.

The United States Supreme Court has held that routine automobile inventory searches, made pursuant to standard police procedures for purposes of impoundment, are reasonable under the Fourth Amendment. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Even prior to *Opperman,* this Court has stated:

"The overwhelming weight of authority supports the reasonableness and the lawfulness of such inventory search, and the admissibility of any evidence of crime that comes into the 'plain view' of the inspecting officer in the course thereof, whether or not related to the offense for which the arrest has been made. * * *

\* \* \* \* \* \*

"* * * We now approve the 'automobile inventory' rule, as hereinabove limited and proscribed, as an exception to the search warrant requirement. We hold that such inventory search, when made to safeguard property for the benefit of owner, police, and tow company, and not under pretext to gather evidence without a warrant, is reasonable and not violative of Fourth Amendment rights."

*State v. Gwinn,* Del.Supr., 301 A.2d 291, 293 (1972) (citations omitted).

Under the facts of the instant case, the police officer was fully justified in impounding and searching the automobile in the parking lot. The search was conducted in accordance with standard police regulations and procedure for the legitimate purpose of inventorying the car's contents prior to its being towed away. See *South Dakota v. Opperman, supra.* There was evidence to support a finding that, after the officer exited from the driver's side of the car, at least part of the handgun hidden under the floor mat was plainly visible to him.[2] See *State v. Gwinn, supra.*

There was no error in denying the defendant's Motion to Suppress the loaded handgun found in the automobile.

### B.

■ The defendant contends that there was insufficient evidence to support the conviction. This contention is likewise without merit.

The elements of the offense may be proved by circumstantial evidence. *Ross v. State,* Del.Supr., 232 A.2d 97 (1967). A loaded handgun was found under the floor mat on the driver's side of the car which the defendant admitted that he had driven to the parking lot shortly before. The searching officer testified that the gun was almost totally concealed. Another officer testified that the gun was loaded and in working condition. The jury was warranted in concluding from the evidence that the handgun found was both concealed and deadly; that the defendant had knowledge of its presence and control over it, compare *Ross v. State, supra;* and that the gun was sufficiently available and accessible to the defendant, when he drove the car, to have been "about his person" for purposes of § 1442. See *Dubin v. State,* Del.Supr., 397 A.2d 132, 134–35 (1979); compare *Modesto v. State,* Del.Super., 258 A.2d 287 (1969).

2. There was some question whether the handgun was fully concealed by the floor mat, or partially exposed. The officer testified that it was his opinion that the gun was not exposed when he first entered the car, but that he may have exposed it by a movement of his feet.

We conclude that the evidence, viewed in its entirety and including all reasonable inferences, was amply sufficient to warrant a finding by the jury that the charge was established beyond a reasonable doubt. See *Holden v. State*, Del.Supr., 305 A.2d 320 (1973).

### C.

Lastly, the defendant argues that his conviction should be reversed because the State failed to prove that he did not have a license to carry the handgun, and thus failed to prove an essential element of the crime. Cf. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). We reject this contention.

We are mindful that there is a contrariety of judicial opinion on the issue of the burden of proof as to the possession of a license in a case such as this. Compare *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975) with *Commonwealth v. Jones*, 372 Mass. 403, 361 N.E.2d 1308 (1977); see Annot., 69 A.L.R.3d 1054. However, the law in Delaware has long been settled on this issue: "The burden is upon the defendant to establish that he had a license to carry a concealed deadly weapon." *Modesto v. State*, Del.Super., 258 A.2d 287, 288 (1969); *State v. Sockum*, Del.Ct. Gen.Sess., 99 A. 833 (1917); see also *Upshur v. State*, Del.Supr., 420 A.2d 165 (1980). This rule is based upon the practical consideration that possession of a license is best viewed as a defense to a charge of Carrying a Concealed Deadly Weapon, since it is a matter more immediately within the knowledge of the defendant himself, and more readily proven by him. See *State v. Sockum, supra*; see also *State v. Blanca*, 100 N.J.Super. 241, 241 A.2d 647 (1968); *Seattle v. Parker*, 2 Wash.App. 331, 467 P.2d 858 (1970).

In the absence of any indication of legislative intent to the contrary, § 1442 (enacted in 1972) must be construed in the light of our time-honored rule as exemplified by *Sockum* and *Modesto, supra*. We have given due consideration to the defendant's reliance upon *Commonwealth v. McNeil, su-*

*pra*, and its change of the Pennsylvania rule on the subject, based upon *In re Winship, supra*. As indicated above, the authorities are divided on this point. We agree with the rationale and conclusion of the Supreme Judicial Court of Massachusetts to the contrary, as set forth at length in *Commonwealth v. Jones, supra* (361 N.E.2d at 1311-13).

Thus, we hold that the burden was upon the defendant to establish that he possessed a license to carry a concealed deadly weapon. Because the defendant failed to sustain that burden, his conviction stands.

Affirmed.