[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the special defenses of alternate causation, participation, and assumption of risk.
On April 23, 1991, plaintiff Debra Lepore filed a one count complaint seeking damages against defendants, Gene J. Lavigne, James A. Mitchell, Bonnie Poudrier, LSL Enterprises, Incorporated, and Christopher Roy, for personal injuries sustained while a passenger on a motorcycle. Plaintiff alleges that defendant Christopher Roy, the operator of the motorcycle, collided with a motor vehicle that was negligently operated by defendant James A. Mitchell. Plaintiff alleges that defendant Christopher Roy operated the motorcycle at an unreasonable rate of speed, that he operated the motorcycle while intoxicated, that he failed to apply his brakes or turn his motorcycle, and that through these actions and omissions, the plaintiff was injured.
Plaintiff further alleges that shortly before the accident occurred, defendant Christopher Roy was served liquor, while intoxicated, at Spencer's Corner Restaurant and at Michael's Restaurant Cafe. Plaintiff seeks damages pursuant to General Statutes 30-102, the Dram Shop Act, from defendants LSL Enterprises, Incorporated and Gene Lavigne, the backer and permittee, respectively, of Spencer's Corner Restaurant. Plaintiff seeks damages pursuant to the same statute, from defendants Gene Lavigne and Bonnie Poudrier, the backer and permittee, respectively, of Michael's Restaurant Cafe.
On October 11, 1991, defendants Gene Lavigne and LSL Enterprises, Inc. filed an answer and the two special defenses of the plaintiff's participation in the defendant Christopher Roy's consumption of alcohol and her assumption of risk.
On October 11, 1991, defendants Gene Lavigne and Bonnie Poudrier filed an answer and the two special defenses of the plaintiff's participation in defendant Christopher Roy's consumption of alcohol and that the plaintiff's injuries were caused by the negligence of defendant James Mitchell and not by any actions of defendant Christopher Roy.
On November 6, 1991, the plaintiff filed one motion to CT Page 1823 strike the two special defenses of each of the defendants as legally insufficient, and a memorandum of law in support thereof.
On December 27, 1991, defendants Gene Lavigne and LSL Enterprises, Inc. filed a memorandum in opposition to the motion.
Defendant Bonnie Poudrier did not file a memorandum in opposition to the plaintiff's motion.
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Practice Book 152(5). A motion to strike admits all facts well pleaded; it does not admit legal conclusions. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 882 (1980).
In support of her motion to strike the plaintiff argues that the Connecticut Supreme Court has stated in Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 352,493 A.2d 184 (1985), that "contributory negligence is not a valid defense to a Dram shop Act suit." The plaintiff characterizes the participation defense as being a "hybrid contributory negligence defense," and states that, because it is a form of contributory negligence, it is not a valid defense. She argues further that the purpose of the Dram Shop Act is to protect the public from tortious conduct committed by intoxicated persons; so denying recovery to "participants" would thwart this purpose by limiting the parties who are entitled to recover.
Regarding the special defense that the accident was caused by defendant Mitchell's negligence, the plaintiff argues that this is not a proper defense because it pleads the negligence of a third party, and could have been alleged by a denial.
Regarding the special defense of assumption of risk, the plaintiff argues that under L'Heureux v. Hurley, 117 Conn. 347,357, 168 A. 8 (1933), an assumption of risk defense is not applicable to a statutory violation where the statute was enacted to create an obligation to the public at large.
Defendants Lavigne and LSL Enterprises, Inc. argue that the Dram Shop Act was not intended to provide a remedy to those who contributed to its violation, hence the participation CT Page 1824 defense should be allowed.
Regarding the assumption of risk defense, defendants argue that the majority of superior court cases have held that This is a valid defense.
I. Participation Defense
No Connecticut appellate level decisions have addressed the issue of the validity of this defense, and a split of authority exists at the superior court level.
In Passini v. Decker, 39 Conn. Sup. 20, 24-25 (Super. Ct. 1983, Pickett, J.) the court stated:
 A successful participation defense, if allowed, would bar recovery from a vendor of liquor who made sales to intoxicated persons who later caused damages to the person or property of others. The legislature has determined that a vendor of liquor should bear the loss for damages to third persons as a result of sales of liquor to intoxicated persons. The statute imposes liability upon sellers of liquor to intoxicated persons. The legislature made such a determination to deter a vendor from selling liquor to those who are intoxicated. To allow a defense of `participation' by a vendor would defeat by judicial amendment this legislative purpose in enacting the statute.
A number of decisions have followed Passini v. Decker, supra. See, e.g., Benton v. Munn, 5 CTLR 98, (October 28, 1991, Dunn, J.); Jipson v. Gabarro, 2 CSCR 285, (January 12, 1987, Lavery, J.).
In Cookinham v. Sullivan, 23 Conn. Sup. 193, 196 (Super. Ct. 1962, Covello, J.) the court held: "It cannot be said that the [Dram Shop] statute contemplates giving a remedy to one who joins and participates in and contributes to the violation of it." A number of decisions have followed this holding. See, e.g., Jepson v. Highway Cafe, 2 CSCR 353 (February 13, 1987), Jacobson, J.); Dimmock v. South Peking Restaurant, 5 CTLR 241 (November 7, 1991, Wagner, J.); Gelosa v. Sagan, 1 CTLR 141 (January 3, 1990, Mulcahy, J.).
This court adopts the reasoning of Passani v. Decker, supra and concludes that "participation" is not a valid special CT Page 1825 defense. The plaintiff's motion to strike the participation defense is granted.
II. Assumption of the Risk Defense
Defendants allege in this special defense that the plaintiff was aware or should have been aware of defendant Roy's intoxication, so the plaintiff assumed the risks involved in riding on this defendant's motorcycle. The Connecticut Appellate Court has not addressed whether assumption of the risk is a valid defense to a Dram Shop Action. Benton v. Munn, supra. See Sanders v. Officers Club of Connecticut, Inc., supra, (the issue of assumption or risk raised, but not decided).
A number of superior court decisions have permitted the defense in Dram Shop Actions. White v. Casablanca, Inc., 4 CTLR 123 (May 17, 1991, Gaffney, J.); Barney v. Russell,3 CSCR 579 (June 9, 1988, Leuba, J.,); Chacho v. Darst, 1 CSCR 122
(January 31, 1986, Curran J.).
Those courts which have allowed the defense reasoned that the Dram Shop Act is primarily remedial in nature, and is intended to limit recovery to innocent third party victims. See, e.g., Chacho v. Darst, supra, 122. Assumption of the risk is a proper defense "where one `voluntarily and willingly' assumes the risk of injury by accepting a ride by one known to be intoxicated.'" Id., 122. Defendants' special defense makes such an allegation.
The decisions striking the defense reason that the Dram Shop Act was enacted to create an obligation on the vendor to the public at large. Passani v. Decker, supra. See Benton v. Munn, supra; Archambault v. Pascual, 3 CTLR 47 (January 7, 1991), McDonald, J.). These courts reasoned that the defense of assumption of risk is not applicable to violation of a statute enacted to protect the public at large. See L'Heureux v. Hurley, supra.
This court finds under the reasoning of Passini v. Decker, supra, which we adopt, that assumption of risk is not a valid defense to a Dram Shop Action. Accordingly plaintiff's motion to strike the assumption of risk defense is granted.
III. Causation
The plaintiff argues that the defense claiming that Mitchell, and not Roy, caused plaintiff's injuries could have been plead as a denial, so it may not properly be raised as a special defense. CT Page 1826
Practice Book 164 states in pertinent part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
The defendants' allegations as to causation are inconsistent with the plaintiff's apparent allegations of concurrent causation and therefore is properly plead in a denial. It should be noted that it is the plaintiff's burden not a defendant's to allege and prove that a defendant's conduct was the proximate cause of plaintiff's injuries. Johnson v. Flammia, 169 Conn. 491, 498, 363 A.2d 1048 (1975). Additionally, absent the special defense the defendants at trial "generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact." Bernier v. National Fence Co., 176 Conn. 622,629, 410 A.2d 1007 (1979).
Accordingly, the motion to strike the special defense as to causation is granted.
M. HENNESSEY, J.