[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
Pursuant to Practice Book § 10-39, the defendant Edward Bremer d/b/a Bremer Advertising, Inc. has moved to strike the plaintiffs complaint dated September 19, 2001 claiming that said complaint does not comply with Practice Book § 10-1[1] and § 10-2.[2]
On September 19, 2001, the plaintiff filed a one count, three paragraph complaint sounding in breach of contract and/or unjust enrichment. The complaint alleges generally by virtue of a "Royalty Agreement" executed on August 24, 1999, the defendant individually and on behalf of Bremer Advertising, Inc. became indebted to the plaintiff for the sum of $36,000, which sum has not been paid.
The defendant argues that the language of the plaintiffs complaint is so general as to afford only "notice of its claim, not the facts the plaintiff intends to prove, and as such, it leaves the defendant unapprised of the claims asserted against him. The defendant claims that the complaint does not conform with the mandates of Practice Book §10-1 and 10-2, and further that said complaint alleges only a legal conclusion, not supporting fact, which is specifically prohibited under Connecticut practice.
 I Practice Book § 10-39 reads in pertinent part as follows:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof.
"The purpose of a motion to strike is to contest the legal sufficiency CT Page 8871 of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988).. A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982). The court also notes that the plaintiff has not filed an objection or memorandum of law in opposition to the defendant's motion to strike, as required by Practice Book § 10-42.
 II
In reviewing the allegation of the plaintiffs three paragraph complaint dated September 19, 2001,[3] the court agrees with the defendant that the plaintiff has alleged legal conclusions unsupported by sufficient facts.[4] Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 882 (1980). "Acts and contracts may be stated according to this legal affect, but in doing so, the pleading should be such as to fairly apprise the adverse party of the state of facts it is intended to prove." Practice Book § 10-2. As the plaintiff has pleaded indebtedness by the terms of the "Agreement" rather than the factual underpinning which it believes to impose the CT Page 8872 indebtedness, the plaintiff has pleaded a legal conclusion.
Connecticut is a fact pleading, not a notice pleading state. Grand EastProperties v. Phillips Superior Court, No CV 940364608, judicial district of New Haven at New Haven (March 4, 1996, Corradino, J.), 1996 CT. Sup. 1622. The complaint as drafted is vaguely worded as to afford only notice pleading rather than the required factual pleading mandated by Practice Book § 10-2.
Accordingly, the motion to strike is granted.
 By: ___________________ Arnold, J