IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN THOMAS, | § | |
| | § | No. 557, 2015 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1408006741 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: April 4, 2016
Decided: June 1, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 1st day of June 2016, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)     The appellant, Stephen Thomas, was convicted in June 2015 of one count each of Aggravated Menacing, Possession of a Firearm during the Commission of a Felony ("PFCF"), and Driving Under the Influence ("DUI").  The Superior Court sentenced Thomas to a total period of nine years at Level V incarceration, to be suspended after serving three years in prison for eighteen months at decreasing levels of supervision.  This is Thomas's direct appeal.

(2) Thomas's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Thomas's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Thomas's attorney informed him of the provisions of Rule 26(c) and provided Thomas with a copy of the motion to withdraw and the accompanying brief. Thomas also was informed of his right to supplement his attorney's presentation. Thomas has raised several issues for this Court's consideration. The State has responded to the position taken by Thomas's counsel, as well as to the points raised by Thomas, and has moved to affirm the Superior Court's judgment.

(3) The sole witness at trial was Corporal Murphy of the New Castle County Police. He testified about events that occurred on the evening of August 18, 2014 in New Castle, Delaware. Murphy testified that, while he was stopped in his unmarked patrol vehicle at a red light on Route 13, a black Nissan screeched to a stop beside him. Murphy noticed that the driver was looking at his phone. After the light turned green, the Nissan sped off. Murphy followed behind the Nissan, which drove at speeds in excess of 85 mph. Murphy activated his emergency lights. The Nissan did not immediately stop but eventually pulled over. Murphy pulled his car behind the Nissan. As he walked toward the driver's window, Murphy shone his

flashlight through the rear window of the car and observed the driver pull out a handgun from the center console and point the muzzle toward the open window that Murphy was approaching. Murphy drew his own weapon, held it to the back of the driver's head and ordered the driver to drop his weapon. After other officers arrived, the driver, who turned out to be Thomas, was arrested and taken into custody. Thomas's blood alcohol content was 0.12, in excess of the legal limit of 0.08.

(4) The jury convicted Thomas of Aggravated Menacing, PFCF, and DUI. The jury acquitted Thomas of Carrying a Concealed Deadly Weapon. After trial, Thomas moved for a judgment of acquittal, arguing that there was insufficient evidence of a "face to face" confrontation to establish the elements of Aggravated Menacing and, thus, PFCF. The Superior Court denied that motion in a written opinion dated September 24, 2015.

(5) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and

3

determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)     In response to his counsel's Rule 26(c) brief and motion to withdraw, Thomas submitted a five-paragraph letter, which raises two distinct issues.  First, Thomas reiterates his claim that the evidence was insufficient to support his conviction for Aggravated Menacing and that the Superior Court erred in denying his motion for a judgment of acquittal as to the charges of Aggravated Menacing and PFCF.  Second, Thomas contends that the prosecutor improperly vouched for Corporal Murphy during closing arguments.

(7)     This Court reviews the Superior Court's denial of a motion for a judgment of acquittal *de novo* to determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[2]  Delaware law draws no distinction between direct and circumstantial evidence.[3]  Moreover, our review of the jury's factual findings is deferential because the jury is solely responsible for determining witness credibility, for resolving any conflicts in

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Seward v. State*, 723 A.2d 365, 369 (Del. 1999) (quoting *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991)).

[3] *Morgan v. State*, 922 A.2d 395, 200 (Del. 2007).

the testimony, and for drawing all reasonable inferences from the proven facts.[4]

(8)     Under 11 *Del. C.* § 602(b), "[a] person is guilty of aggravated menacing when by displaying what appears to a deadly weapon that person intentionally places another person in fear of imminent physical injury."[5] Thomas argues that there was insufficient evidence in this case that he intentionally placed Murphy in fear of imminent physical injury because Murphy testified that he approached Thomas from the rear of the Nissan and the two men never had a face-to-face confrontation.  Thomas also argues that Murphy never testified that he was in fear of imminent physical injury.

(9)     The Superior Court rejected Thomas's motion for a judgment of acquittal, holding that Delaware law requires only that the defendant display a weapon and intentionally cause fear of imminent physical injury, *not* that the defendant must point the weapon directly at the victim in a face-to-face confrontation.  As the Superior Court noted, Murphy testified that he saw Thomas pull the gun from the console and point the gun toward the window that Murphy was approaching.  Thomas's actions led Murphy to believe that Thomas was going to fire the gun when Murphy got to the window.  This led

---

[4] *Id.*

[5] 11 *Del. C.* § 602(b) (2015).

Murphy to unholster his own weapon and order Thomas to drop his gun. Under the circumstances, we agree with the Superior Court's conclusion that the evidence, including all reasonable inferences,[6] was sufficient as a matter of law to establish all of the elements of Aggravated Menacing beyond a reasonable doubt.

(10)  Thomas's other claim is that the prosecutor engaged in improper vouching when he stated, "[y]ou will see the evidence has shown beyond a reasonable doubt that the defendant is guilty as charged."  This claim was not raised below.  Accordingly, we review for plain error.[7]

(11)  Improper vouching occurs if the prosecutor "implies personal superior knowledge beyond what is logically inferred from the evidence at trial."[8]  The prosecutor's statement in this case was proper argument regarding what the evidence had established.[9]  It was not the prosecutor's opinion regarding his belief in Thomas's guilt.  Thus, we find no plain error.

(12)  This Court has reviewed the record carefully and has concluded that Thomas's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Thomas's counsel has made a

---

[6] *Lively v. State*, 427 A.2d 882, 884 (Del. 1981).

[7] *Kirkley v. State*, 41 A.3d 372, 376 (Del. 2012).

[8] *Id*. at 377.

[9] *Id*. (holding that "the prosecutor is allowed to argue all legitimate inferences of the defendant's guilt that follow from the evidence.").

conscientious effort to examine the record and has properly determined that Thomas could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice