Lamotte L. DAVIS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 12, 1982.

Decided: Dec. 8, 1982.

Thomas Little, Wilmington, for defendant below, appellant.

Ferris W. Wharton, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM.

In this appeal defendant seeks reversal of his convictions of Burglary Second Degree,

Felony Theft and Conspiracy Second Degree.

The first issue raised by the defendant is whether the evidence of the value of the items stolen by the defendant was properly admitted. Defendant maintains that the State failed to prove the market value of the item, at the time and place of the theft in that the owner's testimony as to value of the property constituted the purchase price of the property when new.

The value of the items stolen means the market value of the property at the time and place of the crime. 11 *Del.C.* § 224. Evidentiary testimony from the owner is permitted as the value of the property, as the owner is presumed cognizant of the market value. *State v. 0.15 Acres of Land, etc.,* Del.Super., 169 A.2d 256, 258 (1961).

In the instant case, Loretta Jones, the owner of the stolen property, testified as to the estimated value of the property stolen as of the date of the theft. She described each item taken, how well it worked, when it had been purchased and her estimate as to its current value which she placed at $885.00. Given this record, we find that the evidence of the value of the property stolen was properly admitted. Defendant's contention that Jones' estimates were inflated goes to the weight of her testimony, not whether the figures were properly admitted.

The second issue is whether the State offered sufficient evidence to establish that the defendant was guilty of the crime of conspiracy. Defendant claims that the evidence was insufficient to support this conviction.

Where a defendant urges that the evidence is insufficient to support a guilty verdict, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 317, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Lively v. State,* Del.Supr., 427 A.2d 882 (1981).

In the instant case, a review of the evidence indicates that the defendant, Arthur Snow and others were engaged in conversation with each other immediately prior to the burglary and in a location where the victim could be seen leaving her home. The defendant and Snow were each seen coming from the area behind the victim's house carrying something. Jerry, a third person who was with the defendant and Snow prior to the burglary, whistled and ran at the approach of Mrs. Jones. Given that the elements of an offense may be proved by circumstantial evidence, *Ross v. State,* Del.Supr., 232 A.2d 97 (1967) we conclude that the evidence, viewed in its entirety and including all reasonable inferences, was amply sufficient to warrant a finding by the jury that the defendant and Snow agreed to burglarize Ms. Jones' house, that they did carry out that crime and that the defendant was guilty of conspiracy beyond a reasonable doubt.

The third and final issue raised is whether the Trial Court committed plain error in not giving an alibi instruction, Defendant contends that the Trial Court's failure to give the instruction was plain error.

"The defense of alibi is simply a denial of any connection with the crime and is based upon evidence that the defendant was somewhere other than at the place the crime is alleged to have been committed when it is alleged to have been committed," *Gardner v. State,* Del.Supr., 397 A.2d 1372 (1978). The testimony of the defendant fails to meet this test in that his testimony puts him in close proximity to the crime when it was committed. Further, a possible alibi instruction was discussed with defense counsel, who indicated that he did not feel the instruction was appropriate. Given the above, we find that the Trial Court was correct in not giving an alibi instruction.

For the reasons stated above the judgment of the Superior Court is

AFFIRMED.