ROBERT M. BENSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 512, 2008.
Supreme Court of Delaware.
Submitted: March 13, 2009.
Decided: April 23, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Randy J. Holland, Justice
This 23rd day of April 2009, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Robert Benson, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to Benson's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that Benson and three codefendants were charged in April 2002 with multiple criminal offenses stemming from the robbery of a liquor store. Two codefendants pled guilty before trial. Benson and Jamah Grosvenor were tried together and found guilty of three counts of Robbery in the First Degree, three counts of Possession of a Firearm During the Commission of a Felony (Robbery), three counts of Aggravated Menacing, three counts of Possession of a Firearm During the Commission of a Felony (Aggravated Menacing), and Conspiracy. On appeal, this Court reversed Benson's Aggravated Menacing convictions and the associated firearm convictions on the ground that those charges merged with the Robbery in the First Degree and associated firearm convictions.[1] Benson was resentenced in April 2005. Thereafter, in April 2008, Benson requested and received an extension of time to file a petition for postconviction relief. Benson filed his petition in May 2008, arguing that his trial counsel was ineffective for failing to move for a judgment of acquittal on two of the three robbery charges and two of the three firearm charges because the evidence was insufficient to support his convictions. He also argued that counsel was ineffective for failing to raise this same claim on direct appeal. The Superior Court denied Benson's motion. This appeal followed.
(3) In his opening brief on appeal, Benson argues that the State never presented evidence at trial of the wallet and the cash that allegedly were taken from two of the three robbery victims. Accordingly, he contends, counsel was ineffective for failing to argue at trial and on appeal that the evidence was insufficient to support two of his three robbery convictions.
(4) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[2] To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the proceedings would have been different.[3] The defendant must set forth and substantiate concrete allegations of actual prejudice.[4] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[5]
(5) In this case, the Superior Court concluded that Benson's ineffectiveness claims failed because Benson could not establish prejudice from counsel's failure to challenge the sufficiency of the evidence. The Superior Court held that the victims' respective testimony at trial, which reflected that each victim was compelled to turn over property at gunpoint, was more than sufficient to support Benson's convictions on three counts of robbery and the associated firearm offenses. We agree. Benson's contention that the State was required to produce physical evidence of the property that was taken is simply incorrect. The victims' testimony was more than sufficient evidence from which any rational juror could have found Benson guilty beyond a reasonable doubt.[6] Accordingly, we find no error in the Superior Court's rejection of Benson's claims of ineffective assistance of counsel.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Benson v. State, 2004 WL 728521 (Del. Mar. 20, 2004).
[2] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[3] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[4] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[5] Strickland v. Washington, 466 U.S. at 689.
[6] Davis v. State, 453 A.2d 802, 803 (Del. 1982) (citing Jackson v. Virginia, 443 U.S. 307, 317 (1979)).