Patricia VINCENT,* Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 582, 2009.

Supreme Court of Delaware.

Submitted: May 12, 2010.

Decided: June 1, 2010.

Amended: June 8, 2010.

* A pseudonym assigned by this Court pursuant to Rule 7(d).

Valerie Dunkle, Office of the Public Defender, Dover, DE, for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices constituting the court en banc.

STEELE, Chief Justice:

Patricia Vincent, a juvenile, dented Ashley Kemp's car, which Kemp's boyfriend, James Kusmaul, occasionally drove. Vincent asserts that the State (1) presented insufficient circumstantial evidence to identify her as the perpetrator of Criminal Mischief under $1000 and Third Degree Criminal Trespass; and, (2) cannot establish that she committed the crime of Tampering with a Witness because Ashley Kemp's damaged car was not "property of [the] witness," Kusmaul. Because Kemp saw Vincent within five feet of the car seconds before she heard a thump and viewed actual damage to her car, sufficient circumstantial evidence existed on which to establish the convictions for Criminal Mischief and Trespass beyond a reasonable doubt. Therefore, we **AFFIRM** those two judgments of conviction. Because the car Vincent damaged was not "the property of a witness" to an earlier crime, we **REVERSE** the Family Court judge's denial of Vincent's motion for judgment of acquittal of Tampering with a Witness.

## FACTUAL AND PROCEDURAL HISTORY

Kemp and Vincent both live in the Grandview Trailer Park in Dover. Kusmaul had lived with Kemp for five months, during which time he drove her car "every once in a while." Kusmaul expected to testify in an unrelated Family Court proceeding involving Vincent, who was fifteen years old and under a Family Court order that prohibited her from entering onto Kemp's property.

On July 22, 2009, around 7 p.m., Vincent and Kusmaul had a verbal altercation. Kusmaul yelled, "I'll see you in court." An hour later, Kemp heard a "thump" in front of her trailer, but did not see what caused the noise. She ran to the window, saw a dent in her 1996 Honda Civic, and heard giggling. Kemp found no one after searching the area around her trailer.

Kemp looked out of her trailer window, 10 to 15 minutes later, and saw Vincent walking down the street. As Vincent came within five feet of the car, Kemp turned her head, ran to the door, and heard a second thump. When she left the trailer, she found no one, but saw a new dent on her car and again heard giggling. Around 8:30 p.m., Vincent walked by Kusmaul and laughed. When Kusmaul returned to Kemp's trailer, he learned about the damage to the car.

Kemp called the police, who arrested Vincent. The State charged Vincent with Criminal Mischief under $1,000; Third Degree Criminal Trespass; and Tampering with a Witness by Damage to Property. Following a bench trial, Vincent moved for judgment of acquittal on all three charges. The Family Court judge denied Vincent's motion, found her guilty of all charges, and committed her for an indefinite time to the Department of Services for Children, Youth and their Families, Division of Youth Rehabilitative Services, Level V secure care and suspended placement at Level III supervision.

## STANDARD OF REVIEW

We review the Family Court judge's denial of Vincent's motion for judg-

ment of acquittal to determine whether a rational trier of fact could have found that the evidence, viewed in the light most favorable to the State, supported each element of the offense beyond a reasonable doubt.[1] We do not distinguish between direct and circumstantial evidence.[2] We review the trial judge's determinations of statutory construction *de novo*.[3]

## ANALYSIS

Vincent appeals the trial judge's denial of her motion for a judgment of acquittal. First, she asserts that the State presented no legally sufficient evidence to identify her as the car-denter. Second, she asserts that, even if she had damaged the car, she could not be convicted of Tampering with a Witness By Damage to Property, because the State could not establish that Kemp's car was the witness Kusmaul's property.

### 1. Circumstantial evidence sufficiently identified Vincent.

Vincent correctly asserts that the State produced only circumstantial evidence. Kemp only saw her five feet from the car, and Kusmaul described a general confrontation that did not directly affect the car. Viewing the evidence in the light most favorable to the State, however, the trial judge could have rationally found sufficient evidence to conclude beyond a reasonable doubt that Vincent maliciously damaged Kemp's car.

Delaware law allows the State to convict an individual solely on circumstantial evidence.[4] We treat circumstantial evidence the same as testimonial evidence, and draw inferences from that evidence.[5] Although we might not independently have found this evidence sufficient at trial, that question does not arise here. Rather, the test is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [6]

In *Monroe v. State*, we reversed a conviction for Third Degree Burglary, because the State only presented the defendant's fingerprint from the scene of the crime.[7] We held that:

> [t]hough the State no longer needs to disprove every possible innocent explanation in pure circumstantial evidence cases, the range of abundant, innocent explanations for the presence of Monroe's prints on the plexiglass shards is too vast for "any rational trier of fact" to have found beyond a reasonable doubt an essential element of both charged offenses-namely, identity.[8]

The logical inferences that we could have drawn from the State's lone data point extended in too many directions for *any rational* trier of fact to conclude, beyond a reasonable doubt, that one single factual scenario actually occurred in that case.

1. *Davis v. State*, 453 A.2d 802, 803 (Del.1982) (per curiam) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

2. *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990).

3. *State v. Fletcher*, 974 A.2d 188, 193 (Del. 2009).

4. *See, e.g., Williams v. State*, 539 A.2d 164 (Del.1988).

5. *Id.* at 167 (citing *Henry v. State*, 298 A.2d 327, 330 (Del.1972)).

6. *Williams*, 539 A.2d at 168 (quoting *Davis*, 453 A.2d at 803) (emphasis in original).

7. 652 A.2d 560 (Del.1995).

8. *Id.* at 567.

In *Williams v. State,* we affirmed a Second Degree Burglary conviction, despite the defendant's claim that the State had presented insufficient circumstantial evidence.[9] A resident yelled downstairs when he heard someone in his house. An individual responded that he was looking for another address, and the resident testified that the responder sounded like a young black male. The resident promptly called the police when he could not find seven or eight $1 bills and roughly $3 in coins. While the police dispatcher radioed area police officers, a witness saw a young black male, in specified clothing, looking over his shoulder as he quickly ran in the opposite direction of the burglarized house, and then jumped a fence. Police stopped and arrested Williams, who the witness later identified, and found nine $1 bills and $3.93 in coins in his pockets. We held that a rational trier of fact could reasonably draw inferences in favor of the State that could support a finding of guilty beyond a reasonable doubt.[10]

Here, we do not have as many inferences in favor of the State as existed in *Williams,* but do have more circumstantial evidence and inferences than existed in *Monroe.* In *Monroe,* the State presented weak evidence connecting *Monroe* to the scene or the conduct of the crime. In *Williams* and *Vincent,* however, the State created a strong connection between the defendant and the scene of the crime, but lacked direct evidence connecting either defendant to the criminal conduct.

■ Here, the State presented evidence that placed Vincent alone, next to the car,

within seconds of the second thump. A trier of fact could rationally infer that the only person present, Vincent, caused that thump. Kemp testified that the two dents appeared immediately after she heard the two thumps. A factfinder could infer that the thumps caused the dents. Kusmaul testified that he argued with Vincent after the approximate time of the first thump, and before the approximate time of the second thump. One can infer that Vincent could have been angry at Kusmaul for prospectively testifying in Family Court. A rational judge could have found sufficient factually inferential evidence to support the conviction—although resting on the barest of evidentiary threads. We, therefore, affirm the trial judge's denial of Vincent's motion for acquittal of Criminal Mischief under $1,000 and Third Degree Criminal Trespass.

## 2. The damaged car was not "property of" a witness.

Vincent also asserts that the trial judge committed legal error by denying her motion for acquittal of Tampering with a Witness, because the car was not Kusmaul's property. Given the applicable statute, a person tampers with a witness by intentionally damaging "property of a witness."[11] Section 1263 does not define "property of any party or witness." The Theft and Related Offenses subpart of our Criminal Code includes several expansive definitions of "property" and "property of another person," although it expressly limits these terms: "[f]or purposes of §§ 841–856, 1450 and 1451 of this title."

---

9. *Williams,* 539 A.2d 164.

10. *Id.* at 168.

11. 11 *Del. C.* § 1263(2). "A person is guilty of tampering with a witness when: ... (2) The person intentionally causes physical injury to any party or witness or intentionally damages the *property of any party or witness* on account of past, present or future attendance at any court proceeding or official proceeding of this State or on account of past, present, or future testimony in any action pending therein ..." (emphasis added).

The Definitions section of the Theft subpart defines "property" as "anything of value except land," [12] and defines "property of another person" as:

> property in which any person other than the defendant has an interest which the defendant is not privileged to infringe ... regardless of the fact that the other person might be precluded from civil recovery ... [13]

In contrast to the Tampering statute, our Carjacking statute defines "another person" as "the owner of the vehicle or any operator, occupant, passenger of the vehicle or any other person who has *an interest in the use of the vehicle* which the offender is not privileged to infringe." [14] Unlike § 857, § 837 does not expressly limit its application to any specific sections of the Code.

■ Kusmaul did not own Kemp's car. The State asserts, nonetheless, that his "interest in the use of" Kemp's Civic constituted "property of a witness." But Kusmaul's "interest," amounted to Kusmaul's testimony that he drove the car occasionally and Kemp's testimony that he drove it when she gave him permission to go to the store. Limited specific permissive use does not constitute ownership. The definitions of "property" in the Theft and Related Offenses subpart, and of "another person" in the Robbery subpart indicate that the General Assembly knows how to define "property" and "property of" expansively when it chooses to do so. Section 1263 is limited to tampering with "property of any party or witness." It does not reference a more expansive use of any of its terms. Where, as in § 1263, the General Assembly does not specifically use an expansive definition of a statutory term or phrase, we must adopt that word or phrase's plain meaning.

Section 1263 requires the witness to own the property intentionally damaged by the defendant. Kemp's car was not "property of" the potential witness, Kusmaul. Therefore, Vincent did not tamper with a witness by damaging his property under § 1263. We, therefore, reverse the trial judge's denial of Vincent's motion for acquittal of Tampering with a Witness.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of delinquency for of Criminal Mischief under $1,000 and Third Degree Criminal Trespass; and **REVERSE** the judgment of delinquency for Tampering with a Witness.

---

**12.** 11 *Del. C.* § 857(6). " "Property" means anything of value except land, and includes things growing on, affixed to or found in land such as topsoil, sand, minerals, gravel and the like, documents although the rights represented thereby have no physical location, contract rights, trade secrets, choses in action and other interests in or claims to admission or transportation tickets, captured or domestic animals, food, drink and electric or other power."

**13.** 11 *Del. C.* § 857(7). " "Property of another person" includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe, regardless of the fact that the defendant also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement."

**14.** 11 *Del. C.* § 837(a). (emphasis added).