IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS PARISI, | § | |
| | § | No. 174, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1402006756 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 4, 2015
Decided: November 12, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 12th day of November, 2015, it appears to the Court that:

(1)     Thomas Parisi appeals from his September 21, 2011 Superior Court conviction for criminal Home Improvement Fraud in violation of 11 *Del. C.* § 916(b).  The court ordered Parisi to pay a $1,000 fine plus all surcharges and fees and sentenced him to two years at Level V, suspended for one year at Level II.  Parisi challenges his conviction on the ground that the Superior Court erred when it failed to grant his motion for judgment of acquittal.  We hold that there was sufficient evidence introduced by the State for a jury to find Parisi guilty beyond a reasonable doubt.  Accordingly, we affirm.

(2)     In October 2013, Christopher and Lisa Finn hired Thomas Parisi to construct a rooftop deck on the garage of their home in Wilmington, Delaware. The Finns provided a down payment of approximately $7,000, representing half of the total cost of the project.  Although the contract itself did not specify a completion date, the Finns and Parisi verbally agreed that if Parisi was going to do the work, he must begin immediately in order to complete the deck before winter. Parisi assured the Finns he would begin the project soon after they signed the contract, and Parisi cashed their check less than twenty-four hours later.

(3)     The Finns became concerned when, after several weeks, Parisi had failed to obtain any of the permits or licenses necessary to start the work.  The couple sent Parisi multiple text messages asking for updates on the project. Sometimes Parisi would respond with promises, and sometimes he would not respond at all.  Approximately one month after the parties signed the contract and no work had been done on the deck, the Finns cancelled the contract.  Parisi promised to send the Finns a refund, but despite several requests, he did not refund the payment.  The Finns tried for several months to contact Parisi without success. Parisi did not refund the money until September 30, 2014, nearly a full year later. The State charged Parisi with Home Improvement Fraud in violation of 11 *Del. C.* § 916(b).

(4)     At trial, Parisi testified that at the time he signed the contract with the Finns, he was losing money on another project.  By the time the Finns cancelled the contract, Parisi had already spent their money on other business expenses, including a new transmission for his truck.  He had not spent any of their money on a permit or materials for the job, and did not pay the Finns any interest for his use of their money.

(5)     At the end of the State's case, Parisi moved for a judgment of acquittal claiming that the State failed to prove all the elements of Home Improvement Fraud, because the Finns knew Parisi was finishing other jobs and cancelled less than thirty days after the contract was signed.  The Court denied the motion, noting that there was evidence that Parisi promised to apply for permits and licenses immediately, and that despite the Finns' various requests; Parisi gave no indication whether he was following through on that understanding.  Parisi also did not return the Finns' money for over ten months.  The trial court denied the motion again at the close of the defense case.

(6)     The jury found Parisi guilty.  On March 20, 2015, the Superior Court ordered Parisi to pay a $1,000 fine plus all surcharges and fees.  He was sentenced to two years at Level V, suspended for one year at Level II.

(7) On appeal from the denial of a motion for acquittal, this Court reviews *de novo*[1] whether sufficient evidence was presented so that "*any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt" on each element of the crime.[2] We do not distinguish between direct and circumstantial evidence in this inquiry.[3]

(8) Parisi argues that the State failed to present sufficient evidence to establish the state of mind required to prove Home Improvement Fraud. In other words, Parisi argues that there was insufficient evidence to prove that Parisi *intended* to defraud the Finns. The State responds that Parisi never raised below an argument implicating his mental state, and thus Supreme Court Rule 8 precludes review other than for plain error.[4] Although Parisi did not specifically articulate his state of mind argument to the Superior Court, he did argue that the State failed to present evidence of each element of the crime. As Parisi's mental state is an essential element of the crime, the issue has been fairly presented below and the limited review for plain error does not apply.

---

[1] *Brown v. State*, 967 A.2d 1250, 1252 (Del. 2009).

[2] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (emphasis in original) (citing *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991)); *see also Cline v. State*, 720 A.2d 891, 892 (Del. 1998).

[3] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).

[4] Supr. Ct. R. 8; *Turner v. State*, 5 A.3d 612, 615 (Del. 2010) ("We generally decline to review contentions not raised below and not fairly presented to the trial court for decision. This Court may excuse a waiver, however, if it finds that the trial court committed plain error requiring review in the interests of justice.").

(9)    As to the merits, Parisi was charged with Home Improvement Fraud under 11 *Del. C.* § 916(b).  The State had the burden to prove the following:

> (b) A person is guilty of home improvement fraud who enters . . . into a home improvement contract as the provider of home improvements to another person, and who *with the intent specified in § 841 of this title:*
>
> . . . .
>
> (4) Receives money for the purpose of obtaining or paying for services, labor, materials or equipment and fails to apply such money for such purpose by:
>> a. Failing to substantially complete the home improvement for which the funds were provided; or
>> b. Failing to pay for the services, labor, materials or equipment provided incident to such home improvement; or
>> c. Diverting said funds to a use other than for which the funds were received.[5]

(10)    The prefatory language of the statute incorporates the mental state found in 11 *Del. C.* § 841.  There are two different standards under § 841.  Section 841(a) provides that "[a] person is guilty of theft when the person takes, exercises control over or obtains property of another person *intending to deprive that person of it or appropriate it.*"[6]  Section 841(b) states that "[a] person is guilty of theft if the person, in any capacity, legally receives, takes, exercises control over or obtains property of another which is the subject of theft, and *fraudulently converts*

---

[5] 11 *Del. C.* § 916(b)(4) (emphasis added).
[6] 11 *Del. C.* § 841(a) (emphasis added).

the same to the person's own use."[7]  The indictment charged Parisi with an intent to appropriate, rather than fraudulent conversion.[8]

(11)  Relying on cases from other states with similar statutes, Parisi asserts that under the language of § 841(b), the State had to prove intent to convert the Finns' money.  In *Zugehoer v. State*, however, we held that the requisite intent element could be satisfied by § 841(a), and need not be tied to § 841(b).[9]  The State therefore had to prove only that Parisi intended to deprive the Finns of, or appropriate, their payment, rather than prove an intent to commit fraud.  Because we have already answered in the negative the question whether the State must prove intent under § 841(b), this challenge is without merit.

(12)  To survive a motion for judgment of acquittal, the State had the burden to present sufficient evidence for a jury to find beyond a reasonable doubt that Parisi appropriated the Finns' money and used it for a purpose other than building their deck.  Though his conviction relies almost entirely on circumstantial evidence, "Delaware law allows the State to convict an individual solely on

---

[7] 11 *Del. C.* § 841(b) (emphasis added).
[8] App. to Opening Br. at 2.
[9] *Zugehoer v. State*, 980 A.2d 1007, 1010 (Del. 2009) ("In *Edwards v. State*, this Court rejected the suggestion that the jury should be instructed under the more generalized Section 841(b) and 'call[ed] upon the Delaware Legislature to eliminate the "unnecessary" second paragraph of § 841 to remove the ambiguity created by that law . . . .'  Accordingly, in Delaware, when the jury is instructed on the intent required by Section 841(b), the settled practice is to use the language of Section 841(a), rather than of Section 841(b).").

circumstantial evidence. We treat circumstantial evidence the same as testimonial evidence, and draw inferences from that evidence."[10]

(13) The State presented evidence that the Finns hired Parisi to build a rooftop deck on the condition he begin work on the project immediately. The Finns gave Parisi a $7,000 check which Parisi cashed within twenty-four hours of receiving it. Over the following weeks, Parisi did not begin work on the deck, did not obtain the permits necessary to begin the project, and was unresponsive to the Finns' various inquiries. After about one month passed and Parisi had done no work on the project, the Finns cancelled the contract and demanded a full refund. The Finns attempted to recover their down payment for several months without success. In the meantime, Parisi had spent the money on general expenses to maintain his business. Finally, Parisi did not return the money to the Finns for over ten months after they cancelled their check. Thus, viewing this evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that Parisi took the Finns' money and used it for a purpose other than building their deck. The motion was properly denied.

---

[10] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice