# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                     )
                                     )
                                     )
       **v.**                        )     ID No. 1510005575
                                     )
EVERETT COUNCIL,        )
                                     )
      Defendant.          )

Submitted: May 18, 2016
Decided: July 12, 2016

On Defendant's Motion for Judgment of Acquittal

**DENIED.**

Christina M. Kontis Esquire, Deputy Attorney General, Carvel State Building, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

David C. Skoranski, Esquire, Assistant Public Defender, Carvel State Office Building, 820 North French Street, Wilmington, DE, Attorney for Defendant.

**WHARTON, J.**

## ORDER

This 12th day of July, 2016, the Court having considered the Defendant's Motion for Judgment of Acquittal, the State's Response and the record in this case, it appears to the Court that:

1. Defendant Everett Council ("Council") was convicted by a jury of the charges of Burglary Second Degree, Theft (m), Conspiracy Second Degree, Possession of Ammunition by a Person Prohibited and Criminal Mischief (m).  On April 7, 2016, he filed a timely Motion for Judgment of Acquittal generally alleging insufficiency of the evidence.[1]  More particularly, he alleges that "the State introduced no evidence to identify the defendant as 'Everett Council' and further no evidence to identify him at the scene of the Burglary or in the vehicle where the proceeds were found."[2]  The State argues that the evidence, both direct and circumstantial, when viewed in the light most favorable to the State, was sufficient to allow a reasonable jury to convict the defendant.[3]

2.  When considering a motion for judgment of acquittal based on insufficiency of the evidence, the Court considers the evidence, together with all legitimate inferences therefrom from the point of view most favorable to the State.[4]

---

[1] Def.'s Mot. for Judg. of Acquittal, D.I. 18.
[2] *Id.* at ¶ 4.
[3] Sate's Resp. to Def.'s Mot. for Judg. of Acquittal, D.I. 20 at 8-9.
[4] *State v. Biter*, 119 A.2d 894 (Del. 1955); *Vouras v. State*, 452 A.2d 1165 (Del. Super. 1982).

If any rational trier of fact, when viewing the evidence in that fashion, could find the defendant guilty beyond a reason doubt, the motion fails.[5] It is irrelevant if most of the State's evidence is circumstantial since the Court does not distinguish between direct and circumstantial evidence.[6]

3. The evidence offered by the State included the testimony of a witness, Efren Rodriguez, who lived across the street from the victim. Rodriguez testified that he saw a red Volkswagen Beetle pull into the victim's driveway while he was inside his house looking out of the window. He wrote down the license plate number and continued to watch as he observed a man and a woman get out of the vehicle. He described the man, who exited the driver's side, as a "husky" white male, approximately 6' tall, dressed in all white with white shoes. He described the woman, who exited the passenger side, as approximately 5' tall with black hair and a tattoo on one arm. He saw the two go to the front door where they began to pull on the door, and then move to the side of the house where they looked into windows before disappearing behind the house. Approximately 40 minutes later, he saw the vehicle drive off toward Delaware City. When shown a photo line-up of men, Rodriguez selected two photographs, but was leaning more towards one of them more than the other. Council's photograph was the other. At trial, he

---

[5] *Gronenthal v. State*, 779 A.2d876,879 (Del. 2001); *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995).
[6] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).

3

reversed himself and selected Council's photograph because the first photograph was thinner and he remembered the burglar as "husky". He identified a photograph of Trisha Grossi in another photographic line-up as the female. Rodriguez made no in court identification.

4. The victim of the burglary, Margaret Buckson, was not home when the crime occurred. She was called by her daughter who discovered the burglary. When she arrived home, she noticed that a rear window was damaged. She identified a bracelet recovered during the execution of a search warrant on Council's red Beetle as property stolen from her home.

5. Jennifer Buckson, Margaret Buckson's daughter who discovered the burglary, testified that she knew Council because she had dated him in the past and he was a friend of her ex-boyfriend. She was familiar with Council's vehicle, a red Volkswagen Beetle. She also knew Council's girlfriend, whom she knew as "Trish" and was able to identify her from a photograph of Trisha Grossi. Jennifer Buckson also knew that Council was a painter by trade.

6. Officer Loftus of the New Castle County Police was the State's only law enforcement witness. He testified that the vehicle with the license plate observed by Rodriguez was registered by Council. When he searched that vehicle in Council's driveway four days later, he found Margaret Buckson's bracelet, a single bullet, and a latex glove. During a search of Council's residence, he located

4

documents addressed to Trisha Grossi and white painter's clothes. In court, he identified the defendant as Everett Council from a photograph he had seen of Council.

7. When viewing all of the evidence, both direct and circumstantial, and all reasonable inferences drawn therefrom, in the light most favorable to the State, it is clear that there is ample evidence from which a reasonable jury could find Council guilty. That evidence includes the identification of Council's vehicle, his girlfriend, and someone resembling Council being at the victim's house acting in a manner consistent with burglarizing it; property stolen from the burglary found in Council's vehicle, along with a bullet; and painter's clothes similar to what the male burglar was wearing found in Council's residence. Finally, Council was identified in court by Officer Loftus as Everett Council.

Therefore, for all of the foregoing reasons, Defendant's Motion for Judgment of Acquittal is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge

oc: Prothonotary
cc: Investigative Services

5