# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN MCDONALD, | § | |
| | § | |
| Defendant-Below, | § | No. 482, 2015 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1310018871 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: August 24, 2016
Decided: September 7, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 7th day of September 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    A Superior Court jury convicted Bryan McDonald of violation of privacy for using his cell phone camera to take a video of a fellow University of Delaware student as the other student showered in a dormitory bathroom. McDonald raises two arguments on appeal: first, that the State failed to identify him in court as the person who committed the crime; and second that the State failed to establish the *corpus delicti*.  As to the first argument, defense counsel's use of McDonald's first name at trial, coupled with additional identification

evidence introduced by the State, sufficiently identified McDonald as the actor. As to the second argument, because the State offered evidence independent of McDonald's confession that a violation of privacy had occurred, the State established the *corpus delicti*. We therefore affirm.

(2)  On October 28, 2013, Ryan Kozlowski was showering in a shared bathroom in Sharp Hall dormitory at the University of Delaware. During his shower, he noticed an object poking from beneath the shower stall that appeared to be a cell phone camera. After a few seconds, the object disappeared. Kozlowski ended his shower and left the stall, where he found Bryan McDonald standing by the sinks in the bathroom. McDonald was the only other person in the bathroom. Despite living down the hall from each other, being familiar with each other, and having spoken on multiple occasions, McDonald did not acknowledge Kozlowski. The bathroom was empty when Kozlowski began showering, and from his shower stall, he could see whenever the bathroom door opened or closed. After he saw the cell phone in his shower stall, he did not see the bathroom door open or close.

(3)  The next day, Kozlowski reported the incident to the campus police. Master Corporal J. Steven Protz of the University of Delaware Police obtained a search warrant for McDonald's dorm room. While the search was in progress, McDonald arrived back at his room. Instead of asking why the police were there, he told Master Corporal Protz he knew they were in his room—because of the

incident in the bathroom. Master Corporal Protz found McDonald's iPhone 5, but could not recover any incriminating images from the phone.

(4) During a taped interview with Master Corporal Protz, McDonald admitted that he filmed Kozlowski in the shower, but said that he had deleted the video. At trial, McDonald denied filming Kozlowski. He claimed that he falsely confessed because he was unhappy at the University of Delaware and wanted to leave the school. The jury found McDonald guilty of violation of privacy, and the court sentenced him to a suspended one year Level V sentence and mandatory sex offender registration. McDonald appealed.[1]

(5) McDonald makes two arguments on appeal. First, he argues that the State failed to identify him in court, and thus failed to satisfy all the elements of the crime. Second, he argues that the State did not establish the *corpus delicti*.

(6) The State had to prove that McDonald was the person who committed the crime of violation of privacy. The criminal statute, 11 *Del. C.* § 1335(a)(6), provides:

> [A] person is guilty of violation of privacy when the person: Tape records, photographs, films, videotapes or otherwise reproduces the image of another person who is getting dressed or undressed or has that person's genitals, buttocks or her breasts exposed, without consent, in any place where persons normally disrobe including but

[1] There were three separate trials for McDonald's violation of privacy charges. The jury in the first trial found McDonald not guilty of one count of violation of privacy, but could not reach a verdict on the second count, resulting in a mistrial. The second trial also resulted in a mistrial. In the third trial, the jury found McDonald guilty of the remaining violation of privacy charge.

not limited to a fitting room, dressing room, locker room or bathroom, where there is a reasonable expectation of privacy.[2]

The State must prove each element of the offense beyond a reasonable doubt,[3] including that the defendant was the person who committed the offense.[4] The State can meet its burden of proof through direct or circumstantial evidence.[5] In-court identification is not required to show identity.[6] Rather, the test to establish identity is whether "the [trier of fact] could rationally [find] sufficient evidence to conclude beyond a reasonable doubt" that the defendant committed the crime charged.[7]

(7)     McDonald argues that because the State did not formally identify him as the accused, the State failed to prove that he committed the crime. Although his counsel repeatedly referred to him by his first name, according to McDonald that was insufficient because counsel never referred to him by his full name.

(8)     In *State v. Bell*, the Superior Court held that despite the State's failure to identify the defendant in court, defense counsel's use of the defendant's full name in the opening statement, coupled with other identification evidence, was

---

[2] 11 *Del. C.* § 1335(a)(6).

[3] *See* 11 *Del. C.* § 301.

[4] *Monroe v. State*, 652 A.2d 560, 567 (Del. 1995).

[5] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).

[6] *Watson v. State*, 1981 WL 761718, at *1 (Del. Nov. 17, 1981) ("[E]xplicit in-Court identification is preferable but not indispensable; viewed in its entirety, the direct and circumstantial evidence, and the reasonable inferences therefrom . . . [are] sufficient to connect defendant with the crimes charged, beyond a reasonable doubt."); *see also* 23 C.J.S. *Criminal Procedure and Rights of Accused* § 1099, Westlaw (updated 2016); Nathan R. Sobel et al., EYEWITNESS IDENTIFICATION: LEGAL & PRACTICAL PROBLEMS 2d § 9:7, Westlaw (updated 2016) ("And of course the identity of the defendant as the perpetrator must be established from all the evidence, including the identification testimony, beyond a reasonable doubt.").

[7] *Vincent*, 996 A.2d at 779.

sufficient to identify the defendant as the accused.[8] The State's other identification evidence included witness testimony from two officers that described the defendant's arrest, statement, and physical description.[9] In *State v. Burgos*, the Superior Court held that, even in the absence of an in-court identification, there was sufficient other evidence for the jury to find that the defendant was properly identified as the accused.[10] The court held that an officer's testimony where he identified the defendant by name multiple times was "ample identification evidence."[11] This Court affirmed the Superior Court's decisions in *Bell* and *Burgos*.

(9) Unlike *Bell*, McDonald's counsel did not use McDonald's full name when speaking in court. But McDonald's counsel still referred to him as "Bryan" during his opening and closing statements. Further, after reviewing the other identification evidence introduced at McDonald's trial, this case is indistinguishable from *Bell* and *Burgos*. Kozlowski testified that he knew McDonald and recognized him. Master Corporal Protz testified that he interviewed McDonald, and the jury saw McDonald's video statement from that interview. Kozlowski also testified that he did not see anyone enter or exit the

---

[8] *State v. Bell*, 1997 WL 524058, at *2–3 (Del. Super. May 8, 1997), *aff'd*, 703 A.2d 643 (Del. 1997) (Table).

[9] *Id*. at *2.

[10] *State v. Burgos*, 2014 WL 1275184, at *2 (Del. Super. Mar. 31, 2014), *aff'd*, 2014 WL 5248982 (Del. Oct. 14, 2014).

[11] *Id*.

bathroom after he noticed the camera, and McDonald was the only person in the bathroom after Kozlowski left the shower. Thus, the State's evidence was sufficient for the jury to conclude beyond a reasonable doubt that McDonald was the person who committed the crime.

(10) McDonald also argues that the State failed to establish the *corpus delicti* by offering no evidence other than his confession that he committed the crime of violation of privacy. He argues the State's evidence was insufficient to satisfy the requirements of the *corpus delicti* doctrine.[12]

(11) A confession without independent evidence of the *corpus delicti* of the charge is insufficient to support a conviction.[13] *Corpus delicti* means "the body of the crime."[14] To establish the *corpus delicti*, the State must prove the injury and criminality of an offense.[15] The *corpus delicti* rule is intended to "prevent individuals from being convicted of a crime by confession when there is no other evidence that a crime has been committed."[16]

(12) Although there must be evidence of the crime independent of a confession, the evidence corroborating the confession need not be conclusive or

---

[12] *See Shipley v. State*, 570 A.2d 1159, 1168 (Del. 1990).

[13] *See Jenkins v. State*, 401 A.2d 83, 86 (Del. 1979) (citing *State v. Miller*, 32 A. 137, 140 (Del. O. & T 1892)).

[14] *See* 23A C.J.S. *Criminal Procedure and Rights of Accused* § 1565, Westlaw (updated 2016); *Wright v. State*, 953 A.2d 188, 190 n.1 (Del. 2008) ("[T]he doctrine that prohibits a prosecutor from proving the *corpus delicti* [*i.e.* the body of the offense] based solely on a defendant's extrajudicial statements." (quoting BLACK'S LAW DICTIONARY 369 (8th ed. 2004))).

[15] 23A C.J.S. *Criminal Procedure and Rights of Accused* § 1565.

[16] *Shipley*, 570 A.2d at 1168–69.

extensive.[17] "Some evidence" of the *corpus delicti* is sufficient if the independent evidence taken together with the confession proves the defendant committed the crime beyond a reasonable doubt.[18] Independent evidence may be circumstantial to corroborate a confession.[19] For the charge of a violation of privacy, the *corpus delicti* is that someone photographed another person in a state of undress in a private place.[20]

(13)   The State presented independent evidence through witness testimony from both the victim, Kozlowski, and the investigating officer, Master Corporal Protz.   Kozlowski testified that while he was undressed and showering in the bathroom, he "saw what [he] believed to be a cell phone camera poking underneath."[21]   Kozlowski also testified that when he left the shower, he saw McDonald, the only other person in the bathroom.   Despite living down the hall from each other and being fairly familiar with each other, McDonald did not say anything to Kozlowski.   Master Corporal Protz also testified that he recovered an iPhone 5 during the search of McDonald's room.   This evidence, considered in the light most favorable to the State,[22] was sufficient for a jury to find beyond a

---

[17] 23A C.J.S. *Criminal Procedure and Rights of Accused* § 1565.
[18] *Wright*, 953 A.2d at 192; 23A C.J.S. *Criminal Procedure and Rights of Accused* § 1565.
[19] 23A C.J.S. *Criminal Procedure and Rights of Accused* § 1565; *see Shipley*, 570 A.2d at 1170.
[20] 11 *Del. C.* § 1335(a)(6).
[21] App. to Opening Br. at 31, 35.
[22] *Wright*, 953 A.2d at 193 ("To articulate precisely our standard of review *corpus delicti* challenges will be reviewed for whether a rational trier of fact, considering the evidence in the

7

reasonable doubt, independent of his confession, that McDonald photographed Kozlowski while he was showering in violation of the criminal privacy statute.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is affirmed.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

light most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt.").