IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNIQUE T. LOPER, | § | |
| | § | No. 7, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1602006156 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 12, 2017
Decided: August 18, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 18th day of August 2017, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)  In September 2016, a Superior Court jury convicted the defendant-appellant, Unique T. Loper, of one count each of Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person Prohibited, and Possession of Ammunition by a Person Prohibited. The Superior Court declared Loper to be a habitual offender and sentenced him to a total period of thirty-one years at Level V incarceration, to be suspended after serving eighteen years in prison for decreasing levels of supervision. This is Loper's direct appeal.

(2)     Loper's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Loper of the provisions of Rule 26(c) and gave him a copy of the motion to withdraw and the accompanying brief and appendix. Loper also was informed of his right to supplement his attorney's presentation. Loper raises two arguable issues for the Court's consideration. The State has responded to the Rule 26(c) brief and Loper's points and has moved to affirm the Superior Court's judgment.

(3)     The trial record fairly reflects that, on January 31, 2016, a fight broke out at Famous Tim's Tavern in Wilmington, Delaware. Ryan Dill, a bartender who was working that evening, testified at trial that he noticed several groups of individuals arguing near the bar. The argument escalated into a fist fight. Dill saw a short, black man attempt to pull something from his waistband. Several bar patrons yelled that the man had a gun. As the fight moved to bar entrance, Dill saw the man extend his arm with a gun in his hand. Other patrons wrestled the man with the gun to the ground, punching and kicking him. Someone pull a fire extinguisher from the wall and struck the man with it. Someone else dragged the man, who appeared to be unconscious, outside the door of the bar. Dill then heard a single gunshot.

(4)     Wilmington police officers arrived on the scene. A single, spent .40 caliber shell casing was found outside the front door of the bar. Several days after

2

the incident, police collected four blood samples from inside the bar's entrance. DNA testing positively matched one of the samples to Loper. Loper later gave a statement to police, which was played for the jury at trial, admitting that he brought a .40 caliber gun to the bar. Loper did not testify or present any other evidence at trial. The jury convicted him of all counts.

(5) Loper raised two issues in response to his counsel's Rule 26(c) brief on appeal. First, he contends that his trial counsel was ineffective for failing to move to suppress Loper's statement to the police because Loper was on drugs at the time he made the statement. Second, Loper argues that the evidence was insufficient to convict him because the State did not present any witness who could positively identify him as the man with the gun.

(6) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

3

(7)     With respect to Loper's first argument challenging his counsel's failure to file a motion to suppress, this Court will not consider a claim of ineffective assistance of counsel for the first time on direct appeal.[2] Thus, we will not consider this claim further and only address Loper's challenge to the sufficiency of the State's evidence to convict him.

(8)     In reviewing a sufficiency of the evidence claim, the Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] The State can meet its burden of proof through direct or circumstantial evidence.[4] In-court identification or eyewitness testimony is not required to prove identity.[5] Rather, the test to establish identity is whether a rational jury, viewing the evidence and all reasonable inferences drawn from the evidence, could conclude beyond a reasonable doubt that the defendant committed the crimes charged.[6]

(9)     In this case, although the bartender was unable to identify Loper as the man with the gun, Loper's blood was found at the scene, as was a shell casing establishing that a .40 caliber gun had been fired. More importantly, Loper admitted

[2] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008).
[3] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
[4] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).
[5] *McDonald v. State*, 2016 WL 4699155, *2 (Del. Sept. 7, 2016).
[6] *Vincent v. State*, 996 A.2d at 779.

to the police that he had a .40 caliber gun at the bar on the night in question. We conclude that the State's evidence was sufficient to prove beyond a reasonable doubt that Loper was guilty of a Carrying a Concealed Deadly Weapon and of Possession of a Firearm and Ammunition by a Person Prohibited.

(10) The Court has reviewed the record carefully and has concluded that Loper's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Loper's counsel has made a conscientious effort to examine the record and has properly determined that Loper could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_James T. Vaughn_
Justice

5