IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON BAER[1], | § | |
| | § | No. 395, 2019 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Family Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | File No. 1903017036 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 13, 2020
Decided: June 15, 2020

Before **VAUGHN**, **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### **ORDER**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Appellant, Jason Baer, appeals the Family Court's judgment adjudicating Baer delinquent of Resisting Arrest.

(2)    The testimony and evidence presented at trial established the following. On March 26, 2019, at approximately 1:20 p.m., police observed five young men standing on the 600 block of West 5th Street. One of the individuals in the group was Jason Baer. Another member of the group, later identified as Taquan Davis,

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

displayed "characteristics of a subject carrying a firearm," which caught the attention of Officer Naheem Johnson.

(3) Officer Johnson and three other officers attempted to stop the group to identify Davis. As the officers approached in their patrol vehicles, the group ran in different directions. Davis ran toward the front door of the house at 611 West 5th Street. As Officer Johnson exited his vehicle to pursue Davis, Baer walked towards the front steps of the house that Davis ran into and stopped on the first step. Officer Johnson ran toward the steps and yelled at Baer to move out of his way. Baer made eye contact with Johnson for three seconds as Johnson yelled and ran toward him, but Baer did not move. As a result, Officer Johnson physically collided with Baer before he could reach the front door.

(4) Officer Johnson tried to continue his pursuit, but the collision with Baer gave Davis time to enter the house and lock the door. Officer Johnson then noticed that Baer had recovered from the collision and was walking away from the house. He told Baer to stop and took him into custody. The entire incident was captured on surveillance video by Downtown Visions.

(5) Baer was charged with hindering prosecution under 11 *Del. C.* § 1244(a)(2), which the State amended to resisting arrest under 11 *Del. C.* § 1257(b). On August 19, 2019, the Family Court held trial. At the close of the State's case, Baer moved for judgment of acquittal, which the Family Court denied. Following a

2

bench trial, the Family Court found Baer delinquent of Resisting Arrest. On October 15, 2019, the Family Court sentenced Baer. Now Baer appeals the Family Court's judgment, arguing that the evidence did not show that Baer had the necessary intent to resist arrest.

(6) This Court reviews both a claim of insufficient evidence and the denial of a motion for judgment of acquittal to "determine 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the [offense] beyond a reasonable doubt.'"[2] "[W]hen the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before [the court], those findings of the trial judge will be approved upon review, and we will not substitute our opinion for that of the trier of fact."[3]

(7) On appeal, Baer argues that the Family Court erred in adjudicating him delinquent of Resisting Arrest because the State presented insufficient evidence to prove, beyond a reasonable doubt, that he intended to prevent Officer Johnson from arresting Davis. "A person is guilty of resisting arrest when the person intentionally prevents or attempts to prevent a peace officer from effecting an arrest or detention

---

[2] *Richards v. State*, 865 A.2d 1274, 1280 (Del. 2004) (quotation omitted); *Vincent v. State*, 996 A.2d 777,778-79 (Del. 2010).

[3] *Richards*, 865 A.2d at 1280 (quoting *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979)).

of the person or another person."[4]  A person acts intentionally if "it is the person's conscious object to engage in conduct of that nature or to cause [a certain] result."[5] "A person is presumed to intend the natural and probable consequences of the person's act."[6]  Further, intent may be inferred from the circumstances surrounding the act.[7]

(8)     In denying Baer's motion for judgment of acquittal and adjudicating Baer delinquent, the Family Court stated,

> Having watched the video, I am satisfied by clear and convincing proof beyond a reasonable doubt that [Baer] did in fact commit the offense of resisting arrest.  I think the video is self-explanatory.  The cops were approaching. He moved from where he was standing when he saw the police.  He purposefully put himself between Officer Johnson and the steps, backed up the steps as Officer Johnson's running toward him telling him to move. Anyone in their right mind with common sense sees this gentleman running towards him is going to step out of the way. [Baer] didn't do that.  Instead, he continued to stand there and let Officer Johnson run into him.  And once he achieved his purpose, he walked away.  It wasn't his purpose to go into the house. He didn't try to go into the house. . . .  His purpose was to get in between Officer Johnson and the house.  So I adjudicate him delinquent.[8]

---

[4] 11 *Del. C.* § 1257(b).
[5] *Id.* § 231(b)(1).
[6] *Id.* § 306(c)(1).
[7] *Id.* § 307.
[8] A43-44.

(9) The Family Court judge was in the best position to assess the credibility of Officer Johnson's testimony and to make inferences of fact.[9] Here, the court found Officer Johnson's testimony that he and Baer made eye contact for several seconds while Officer Johnson screamed for Baer to move to be credible and supported by the video evidence. Therefore, viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude that Baer understood the consequences of his actions and that he stood in front of the house specifically to block Officer Johnson's pursuit of Davis. For these reasons, the Family Court did not commit reversible error in adjudicating Baer delinquent of Resisting Arrest.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[9] *Richards*, 865 A.2d at 1280; *see also Poon v. State*, 880 A.2d 236, 238 (Del. 2005) ("[I]t is the sole province of the fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts.").